UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BURLINGTON INSURANCE COMPANY, a North Carolina corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BLIND SQUIRREL, LLC d/b/a Stubblefields, a Washington Limited Liability Company, JACEK BROWN, DOUGLAS CALVERT, CHARLES HAWTHORNE, CRAIG LACROSS, JACK LYON, CHARLES PECK, ALAN RUDERMAN, SKYLER SMICK, DAVID WARNER,,<br><br>Defendants. | NO. 2:16-cv-00138-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** |

Before the Court is Plaintiff Burlington Insurance Company's (Burlington) Motion for Summary Judgment, ECF No. 20, and Motion to Dismiss Defendants' Counterclaims for Bad Faith, ECF No. 30. For the following reasons, Plaintiff's motions are granted.

## FACTS AND PROCEDURAL POSTURE

Blind Squirrel is a limited liability company which operates a restaurant and bar known as Stubblefields located in Pullman, Washington. On December 3,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** ~ 1

2014, David Warner, an assistant professor at Washington State University, filed a Complaint for Personal Injury and Damages against Blind Squirrel, Corporate Point Developers LLC, and Washington State University in Thurston County Superior Court (2014 Complaint). ECF No. 1-2. The 2014 Complaint seeks damages arising from an incident occurring at Stubblefields on March 30, 2013, during which Warner was permanently injured.

The 2014 Complaint alleges the following: That on March 30, 2013, Warner, along with his two friends Lawrence and Rae McDonald, went to Stubblefields to have a drink, relax, and talk. ECF No. 1-2 ¶3.24. After being overserved, Lawrence McDonald became highly intoxicated. ECF No. 1-2 ¶3.27. Upon leaving Stubblefields at approximately 2:00 a.m., Warner and Lawrence McDonald encountered four other patrons, who had likewise been overserved, and an altercation between McDonald and these patrons ensued. ECF No. 1-2 ¶¶3.28, 3.29. As the altercation escalated, Warner attempted to calm everyone down, stepping between McDonald and the four other patrons to stop a potential fight. ECF No. 1-2 ¶¶3.31, 3.32. Subsequently, McDonald and the "angry, intoxicated mob lunged at each other," trapping Warner in the middle. ECF No. 1-2 ¶3.33. During the "melee," Warner was "punched, kicked, or pushed and fell to the ground, striking his head on the concrete." ECF No. 1-2 ¶3.35. As Warner lay on the ground unconscious, the altercation continued and Warner was struck and/or kicked again. ECF No. 1-2 ¶3.36. The 2014 Complaint alleges Stubblefields was negligent by failing to exercise its duty of care owed to an invitee; failing to keep the premises free of dangerous conditions; failing to protect Warner from foreseeable misconduct; furnishing intoxicating beverages to obviously intoxicated persons and, thus, creating a risk of violence; and failing to expand security services. ECF No. 1-2 ¶¶4.2, 4.3.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** ~ 2

On March 3, 2016 Warner filed a second Complaint against Blind Squirrel, its individual Members, and each Members' marital community in Whitman County Superior Court (2016 Complaint). ECF No. 1-3. The 2016 Complaint is predicated on the same facts at issue in the 2014 Complaint but further alleges that Blind Squirrel undercapitalized its business and intentionally purchased grossly insufficient insurance. ECF No. 1-3 ¶¶3.12-3.14, 3.16-3.19. Consequently, the 2016 Complaint asks the court to disregard Blind Squirrel's corporate form and impose personal liability on its Members. ECF No. 1-3 ¶¶4.2-4.8.

Prior to the filing of the 2014 Complaint, Blind Squirrel advised Burlington of Warner's bodily injury claim. ECF No. 1 ¶19. On February 4, 2014, Burlington acknowledged receipt of the claim and the parties subsequently discussed the applicable insurance policy (the Policy) and its terms. ECF No. 1 ¶19. Burlington advised Blind Squirrel that the Policy provided for policy limits of $250,000 in this case, inclusive of all defense fees and costs, because the claims involved an "assault or battery." ECF No. 1 ¶19. By a letter dated January 30, 2015, Burlington advised Blind Squirrel that it would provide a defense under a complete reservation of rights and appoint defense counsel. ECF No. 1 ¶21. Burlington again informed Blind Squirrel that the policy limits were $250,000 inclusive of attorneys' fees and costs. ECF No. 1 ¶21.

After the commencement of the second action, Blind Squirrel and its Members tendered the 2016 Complaint to Burlington, and in response Burlington agreed to defend Defendants under a complete reservation of rights. ECF No. 1 ¶24. Again, Burlington advised Defendants that the applicable insurance policy provided policy limits of $250,000, and further advised Blind Squirrel that the $250,000 policy limit was the total available coverage for both of Warner's claims (the underlying actions or "Warner Lawsuits"). ECF No. 1. ¶24.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** + 3

Burlington's appointed counsel is currently defending Defendants in the underlying actions and discovery is presently being conducted. ECF No. 25 at 5. As of August 26, 2016, 47 depositions had been taken in the Warner Lawsuits, including depositions of four people directly involved in the altercation, more than six members of the Pullman Police Department, and representatives of Blind Squirrel and other defendants. ECF Nos. 32, 33 ¶3. As of July 31, 2016, Burlington had spent $140,815.13 in defense of Blind Squirrel in the Warner Lawsuits. ECF No. 33 ¶4.

On April 29, 2016, Burlington filed its Complaint for Declaratory Judgment with the Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201. ECF No. 1. Burlington seeks a declaration that (1) coverage is only available under the Limited Assault or Battery Liability Coverage endorsements to the Policy; (2) coverage is limited to a total of $250,000, inclusive of attorneys' fees and costs paid for the defense of Blind Squirrel, and any other insured, i.e., the Members, under the Policy; and (3) coverage is exhausted once Burlington has paid $250,000 in defense costs and/or indemnity payments. ECF No. 1 ¶33. Before Defendants filed an Answer, Burlington moved for summary judgment. ECF No. 20. On July 25, 2016, Defendants filed an Answer asserting various affirmative defenses and counterclaims for breach of contract, breach of good faith and fair dealing, bad faith, and a Washington Consumer Protection Act (WCPA) claim. ECF No. 24.

**THE INSURANCE POLICY**

The applicable insurance policy provides both Commercial General Liability Coverage (CGL Coverage) and Liquor Liability Coverage. ECF No. 1 ¶27. Both coverage parts, however, contain an assault and battery exclusion providing that the Policy does not apply to "bodily injury" or "property damage":

(1) Expected or intended from the standpoint of any insured.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** + 4

    (2) Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person.
    (3) Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing, or halting any actual or threatened "assault" or battery."
    (4) Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.

ECF No. 1 ¶27, ECF No. 1-1 at 64, 86. The Policy defines assault as "any attempt or threat to inflict injury upon the person of another, or any display of force such as would give a person reason to fear or expect immediate bodily harm." ECF No. 1-1 at 64, 86. Battery is defined as "physical contact with a person without his or her consent that entails some injury or offensive touching." ECF No. 1-1 at 64, 86. The exclusions apply to "all acts or omissions, including any act or omission in responding to or failing to respond or render aid, medical or otherwise, to any victim of the 'assault' or 'battery,'" and "all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort." ECF No. 1-1 at 64, 86.

    Despite these broad exclusions, the Policy contains provisions entitled "LIMITED ASSAULT OR BATTERY LIABILITY COVERAGE (LIMIT OF LIABILITY INCLUDES DEFENSE COSTS)" (Limited Assault or Battery Liability Coverage endorsement, or "the endorsement"). ECF No. 1-1 at 52. The Limited Assault or Battery Liability Coverage endorsement applies both to the CGL Coverage and Liquor Liability Coverage provisions and obligates the insurer to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies arising out of 'Assault' or 'Battery.'" ECF No. 1-1 at 52. The endorsements limit liability for

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** ~ 5

each occurrence, and in the aggregate, to $250,000, regardless of the number of: insureds; claims made or suits brought; persons making claims; or theories of liability of causes of action within a suit. ECF No. 1-1 at 52, 54. These limited coverage endorsements are inclusive of any other limits of liability contained in the Policy. ECF No. 1-1 at 54.

## BURLINGTON'S MOTION FOR SUMMARY JUDGMENT

*Standard*

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325.

In addition to showing that there are no questions of material fact, the moving party must show that it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law if the non-moving party has failed to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** + 6

*Analysis*

Under Washington law, a "duty to defend 'arises at the time an action is first brought, and is based on the potential for liability.'" *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52 (2007) (quoting *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wn.2d 751, 760 (2002)) (emphasis added in *Woo*). An insurer has a duty to defend "when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability within the policy's coverage." *Id.* at 52-53 (citing *Truck Ins. Exch.*, 147 Wn.2d at 760) (internal quotation marks omitted). "An insurer is not relieved of its duty to defend unless the claim alleged in the complaint is 'clearly not covered by the policy.'" *Id.* at 53 (quoting Truck Ins. Exch., 147 Wn.2d at 760)). Thus, the duty to defend must be determined from the complaint. However, "[t]here are two exceptions to the rule that the duty to defend must be determined only from the complaint, and both the exceptions favor the insured." *Truck Ins. Exch.*, 147 Wn.2d at 761. First, "[i]f coverage is not clear from the face of the complaint, but may exist, the insurer must investigate the claim and give the insured the benefit of the doubt in determining whether the insurer has an obligation to defend." *Id.* Second, "facts outside the complaint may be considered if (a) the allegations are in conflict with facts known to or readily ascertainable by the insurer or (b) the allegations of the complaint are ambiguous or inadequate." *Id.* (citations omitted) (internal quotation marks omitted).

Warner's 2014 and 2016 Complaints unequivocally state that he suffered injuries when he was assaulted and/or battered at Stubblefields on March 30, 2013. However, the testimony shows that it is unclear whether Warner was physically hit during the altercation outside of the bar. Nonetheless, the undisputed testimony demonstrates that Warner suffered injuries in connection with the altercation and that the Limited Assault and Battery Exclusions apply. While Defendants contend that it is of consequence in this action exactly how Warner was injured, the Court disagrees.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** ~ 7

The evidence before the Court establishes that Warner fell or was pushed, while a physical altercation was occurring, to which he was in close proximity. *See, e.g.*, ECF No. 26-4 at 37. Robert Bean characterized the incident as a "hectic night," and that he just thought there was some dumb bar fight. ECF No. 26-4 at 36. Bean further testified as follows:

> I was speaking to the guys behind me, holding them down. And then Mr. McDonald came at me while my back was to them.
> I looked over my shoulder and I ducked. And then I looked back up, because he didn't land it. And I saw Mr.—Professor Warner blocking, basically, keeping me from getting hit. But he was falling backwards at that point.
> Josh Nantz had been standing a little farther away from us. And when Mr. McDonald tried to punch me, Josh Nantz stepped in and punched him once in the face. On his way down, after Mr. Warner had already started taking him down, I don't know how he landed. That's why I think he was sober, because it was a fairly clean punch on him, but he was just defending my back.
> Mr. Warner was going down—or Professor Warner was going down. He hit his head and didn't move. And Mr. McDonald started getting up and coming over towards us, and that's when I run over like this, grabbing Nantz, saying, you know, You hit him once, he's down.
> The guy started getting up, stumbling at us. And then we walked away, Mr. McDonald started stumbling towards us again as he was getting up. So that's why we left.

ECF No. 22-1 at 7-8. Both Nantz and Bean contend that they never struck or saw someone strike Warner, but that Warner was attempting to hold McDonald back from the fight. ECF No. 25 at 12. Matt Soriano likewise testified that Warner was trying to get McDonald out of the altercation and apologizing for him. ECF No. 46-3.

The Policy language at issue is quite broad, exempting coverage for bodily injuries "[a]rising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** + 8

or physical confrontation or altercation." ECF No. 1 ¶27, ECF No. 1-1 at 64, 86. Despite the exclusion, the endorsements allow for coverage up to $250,000 inclusive of Burlington's duty to defend.

Courts are bound by the definitions provided in insurance policies. *See Overton v. Consolidated Ins. Co.*, 145 Wn.2d 417, 427, 38 P.3d 322 (2002). The Policy defines assault as "any attempt or threat to inflict injury upon the person of another, or any display of force such as would give a person reason to fear or expect immediate bodily harm." ECF No. 1-1 at 64, 86. Battery is defined as "physical contact with a person without his or her consent that entails some injury or offensive touching." ECF No. 1-1 at 64, 86. The undisputed evidence shows that an actual or threatened assault or battery occurred in this case and that Warner was injured in connection with the event.

Defendants state concern for the potential for prejudice in the underlying actions as a result of the Court's ruling on this matter. Their arguments are unpersuasive. Even if it is established in the underlying actions that Warner fell, rather than was pushed, assaulted, or battered, the undisputed evidence demonstrates that any such fall arose out of Warner's attempts to avoid, prevent, suppress, or halt, an actual or threatened verbal or physical confrontation or altercation. Defendants do not assert that Warner simply tripped and fell on his own volition, but admit that Warner was involved, in some way, in the altercation that took place on March 30, 2013 at Stubblefields.

Defendants have raised no genuine issue of material fact and Burlington is entitled to judgment as a matter of law. Accordingly, Burlington's Motion for Summary Judgment, ECF No. 20, is granted.

**MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Defendants have filed counterclaims against Burlington in connection with the initiation of this action. ECF No. 24. Defendants allege breach of contract, breach of good faith and fair dealing, bad faith, and a WCPA claim. ECF No. 24.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** ~ 9

1 The underlying facts giving rise to these claims are largely undisputed.  First, that
2 Defendants were covered under the Policy, which included CGL and Liquor
3 Liability Coverage.  ECF No. 24 ¶13.  Warner filed the 2014 Complaint against
4 Defendants, for which Burlington agreed to provide a defense under a reservation
5 of rights. ECF No. 24 ¶18.  Burlington also provided a defense after the 2016
6 Complaint was filed, again under a reservation of rights.  ECF No. 24 ¶20.  While
7 defending Defendants against these claims, Burlington filed the instant action
8 seeking a declaratory judgment that its coverage liability is limited to $250,000,
9 inclusive defense costs, under the Limited Assault or Battery Coverage
10 endorsements.  ECF No. 1.

11      Defendants also allege additional facts in support of their counterclaims.
12 Specifically, Defendants contend that Burlington knows that the Warner Lawsuits
13 assert causes of action for negligence under theories of premises liability and
14 liquor liability and that Burlington knows of numerous disputed facts regarding
15 the events of March 30, 2013, giving rise to the Warner Lawsuits.  ECF No. 24
16 ¶¶13-14, 16-17, 19, 21-23.  Defendants further state that because Burlington has
17 refused to stay the present litigation and is actively attempting to limit its defense
18 and indemnity obligations, the filing of this declaratory judgment action was
19 premature, made without reasonable basis in fact or law, and amounts to bad faith,
20 breach of contract and duty of good faith, and is a violation of the WCPA.  ECF
21 No. 24 ¶¶22-25, 27, 31, 36, 42, 48.

22                                *Standard*

23      Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must
24 contain: a short and plain statement of the claim showing that the pleader is
25 entitled to relief."  Rule 12(b)(6) permits dismissal for "failure to state a claim
26 upon which relief can be granted."  Under ordinary liberal pleading standards, a
27 plaintiff need only plead sufficient facts which, if taken as true, allow the Court to
28 draw reasonable inferences that a plausible ground for relief exists. *Harris v. Cnty.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSING COUNTERCLAIMS** + 10

*of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rule 12(b)(6) dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The complaint "does not need detailed factual allegations," but it "requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations must be enough to raise a right to relief above a speculative level. *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Analysis*

Breach of Contract

In order to establish a breach of contract claim, the plaintiff must demonstrate proof of four elements: duty, breach, causation, and damages. *Baldwin v. Silver*, 165 Wn. App. 463, 473 (2011). For any breach to arise, there must first be some duty to perform. *Id.* Defendants have alleged no contractual provision contained in the Policy that Burlington has breached. Instead, Defendants rely on conclusory allegations that Burlington "has breached its contract and policy with its insured by, *inter alia*, taking action and conduct to the direct detriment of its insureds." ECF No. 24 at 14. Indeed, Burlington continues to provide a defense to Defendants in the Warner Lawsuits under a reservation of its rights. Because these conclusory allegations are insufficient to state a plausible

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** + 11

claim for relief, Burlington's motion to dismiss the breach of contract claim is granted.

### Breach of Good Faith and Fair Dealing

Under Washington law, every contract contains an implied duty of good faith and fair dealing. *See Badgett v. Security State Bank*, 116 Wn.2d 563, 569 (1991). "This duty obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Id.* (citations omitted). However this "duty to cooperate exists only in relation to performance of a specific contract term." *Id.* "As a matter of law, there cannot be a breach of the duty of good faith when a party simply stands on its rights to require performance of a contract according to its terms." *Id.* (citing *Allied Sheet Metal Fabricators, Inc. v. Peoples Nat'l Bank*, 10 Wn. App. 530, 535-36 (1974). Consequently, the Ninth Circuit has noted that, under Washington law, "if there is no breach of a specific term in the contract, there is no breach of the covenant of good faith and fair dealing." *Tacoma Promenade v. City of Tacoma*, 45 Fed. Appx. 620, 622 (9th Cir. 2002) (citing *Badgett*, 116 Wn.2d at 570).

Defendants cite *Truck Insurance Exchange* for the proposition that Burlington's contractual obligation to provide a defense is unequivocal. ECF No. 37 at 10. Again, however, Defendants point to no contractual provision that Burlington has allegedly breached. Instead, Defendants allege that Burlington has breached or anticipatorily breached its implied and statutory obligations to act with good faith, and that it has done so by filing this declaratory action. ECF No. 37 at 15-16. It concludes that Burlington's wrongful act of attempting to avoid or limit its obligations under the Policy are the direct and proximate cause of Defendants' injuries. ECF No. 37 at 16. Accepting these allegations as true, Defendants' counterclaim for breach of the duty of good faith and fair dealing fails because it lacks a cognizable legal theory. Courts uniformly hold that under Washington law, the duty of good faith and fair dealing cannot be breached in the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** + 12

absence of a corresponding breach of a specific contractual provision. *Badgett*, 116 Wn.2d at 570; *Tacoma Promenade*, 45 Fed. Appx. at 622. Defendants' conclusory statements that filing this declaratory action amounts to a breach of the duty of good faith and fair dealing are insufficient to survive a motion to dismiss. Burlington has continued to provide a defense to Defendants and followed procedures approved of by the Washington State Supreme Court. *See Woo*, 161 Wn. 2d at 54 ("When an insured is uncertain of its duty to defend, it may defend under a reservation of rights while seeking a declaratory judgment relieving it of its duty." (citing *Truck Ins. Exch.*, 147 Wn. 2d at 761)). As it relates to the good faith and fair dealing claim, Burlington's motion to dismiss is granted.

### Bad Faith

"The tort of bad faith has been defined as a breach of the obligation to deal fairly with an insured, giving equal consideration to the insured's interests." *Anderson v. State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 329 (citing *Tank v. State Farm Fire & Casualty Co.*, 105 Wn.2d 381, 385-86 (1986)). The determinative question when considering a claim for bad faith "is reasonableness of the insurer's actions in light of all the facts and circumstances of the case." *Id.* Thus, a plaintiff must demonstrate that the conduct complained of was "unreasonable, frivolous, and unfounded." *Baldwin v. Silver*, 165 Wn. App. 463, 473 (2011).

The only ground relied on by Defendants in support of their bad faith allegations is the filing of this action during the pendency of the underlying actions. In order to prove bad faith, Defendants must demonstrate that Burlington's actions were unreasonable. Washington courts uniformly hold that when an insurer disputes its duty to defend, it is appropriate to file a declaratory action for relief. *See, e.g.*, *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 405 (2010). Because Defendants' counterclaim for bad faith does not raise a right to relief above a speculative level nor point to specific conduct, other than

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** ~ 13

filing this action, that constitutes bad faith, Burlington's motion to dismiss the bad faith counterclaim is granted.

## WCPA Claim

In order to state a claim for a violation under the WCPA, a plaintiff must allege (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his business or property, and (5) which injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). In the insurance context, the elements of a WCPA claim and the tort of bad faith are similar. *Am. Manufacturers Mut. Ins. Co. v. Osborn*, 104 Wn. App. 686, 697 (2001). "As long as the insurance company acts with honesty, bases its decision on adequate information, and does not overemphasize its own interests, an insured is not entitled to base a bad faith or CPA claim against its insurer on the basis of a good faith mistake." *Coventry Associates v. Am. States Ins. Co.*, 136 Wn. 2d 269, 280 (1998). "As an element of every bad faith or CPA action . . . an insured must establish it was harmed by the insurer's bad faith acts." *Id.* at 280 (citations omitted). For the reasons that the Court dismisses Defendants' bad faith claim, it also dismisses Defendants' WCPA claim for failure to state a claim under Rule 12(b)(6). Accordingly, Burlington's Motion to Dismiss Defendants' Counterclaims, ECF No. 30, is **GRANTED**.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Summary Judgment, ECF No. 20, is **GRANTED**.
2. Plaintiffs' Motion to Dismiss Defendants' Counterclaims for Bad Faith, ECF No. 30, is **GRANTED**.
3. Defendants' counterclaims are **DISMISSED**.
4. Defendants' Motion to Stay, ECF No. 27, is **DENIED**.
5. A declaratory judgment shall be entered, in favor of Plaintiff and against each Defendant, that the insurance coverage provided to Defendants for

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** + 14

claims in two lawsuits pending in the Superior Court of Whitman County, Washington (1) *David Warner v. Blind Squirrel, LLC d/b/a Stubblefields, Corporate Pointe Developers LLC and Washington State University*, No. 15-2.00180-7 and (2) *David Warner v. Blind Squirrel, LLC, et al.*, No. 16-2-00072-8, is available only under the Limited Assault or Battery Liability Coverage endorsements and limited to the policy limits of $250,000, inclusive of attorneys' fees and costs incurred in the defense. Coverage is exhausted once Burlington has paid $250,000 in defense costs and/or indemnity payments.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, enter judgment for Plaintiff, provide copies to counsel, and close this file.

**DATED** this 10th day of January 2017.



                    Stanley A. Bastian
                United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS** + 15